UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VIRGINIA STOKES,

                Plaintiff,

v.                                    **DECISION AND ORDER**
                                             04-CV-638S

KALEIDA HEALTH and
CWA LOCAL 1168,

                Defendants.

1. In this case, Plaintiff, an emergency room counselor, alleges that her employer Kaleida Health ("Kaleida") discriminated against her on the basis of her race, color and gender. Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*.

2. Plaintiff, acting *pro se*, commenced this action on July 30, 2004, by filing a Complaint in the United States District Court for the Western District of New York. On November 19, 2004, Defendant CWA Local 1168 ("the CWA" or "the Union") filed a Motion to Dismiss the Complaint on the basis that Plaintiff failed to exhaust her administrative remedies with respect to her claims against the Union. Defendant Kaleida filed its Answer to the Complaint on November 24, 2004.

Plaintiff filed a Motion to Amend her Complaint on November 29, 2004, which this Court granted on December 21, 2004. Accordingly, Defendant CWA's Motion to Dismiss the Complaint was denied as moot. On January 5, 2005, Plaintiff filed an Addendum to her Original Complaint instead of an Amended Complaint. In the interests of judicial economy, this Court directed the Defendants to construe the Original Complaint along with the Addendum as the Amended Complaint. Currently before this Court is Defendant

CWA's Motion to Dismiss the Amended Complaint, which was filed on January 6, 2005.[1] For the reasons set forth below, Defendant CWA's Motion to Dismiss is granted.

6. When resolving a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-moving party. Still v. DeBuono, 101 F.3d 888, 891 (2d Cir. 1996); see also Press v. Quick & Reilly, Inc., 218 F.3d 121, 128 (2d Cir. 2000). In ruling on the sufficiency of the complaint, a court's inquiry is generally limited to the facts and allegations contained in the complaint together with any documents incorporated by reference or attached as exhibits thereto. Blue Tree Hotels, Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)).

In order to survive a motion to dismiss, a plaintiff must assert a cognizable claim and allege facts that, if true, would support such a claim. See Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). A *pro se* complaint, "however inartfully pleaded," must be held to a "less stringent standard[ ] than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972). At the same time, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to survive a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal citations omitted). Ultimately,

---

[1] In support of its Motion, Defendant CWA filed an affidavit, a memorandum of law, a reply memorandum of law and a second reply memorandum of law. In opposition to the Motion, Plaintiff filed a reply memorandum of law

2

"[t]he issue is not whether a plaintiff will or might ultimately prevail on her claim, but whether she is entitled to offer evidence in support of the allegations in the complaint." Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 62 (2d Cir. 1997) (citations omitted).

      6.     For the limited purpose of resolving Defendant CWA's Motion to Dismiss, this Court assumes the truth of the following facts alleged in Plaintiff's Complaint and Addendum.  See Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 1850, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter, 128 F.3d at 63.  Plaintiff is a black female who has been employed by Kaleida as an emergency room counselor at Buffalo General Hospital since 1993.  (Addendum, p. 6).[2]  This Court infers from the inclusion of the CWA as a party to this action that Plaintiff is also a member of the local labor union.  (Addendum, p. 18).

    On or about September 19, 2002, Plaintiff filed a charge with the State of New York, State Division of Human Rights ("the NYSDHR"), against Kaleida, alleging that her employer was subjecting her to a hostile work environment because of her race.  (Compl., pp. 7-8).  On or about March 9, 2004, the NYSDHR issued a "Determination and Order After Investigation" ("Determination and Order") finding no probable cause to believe that Kaleida engaged in or is engaging in the unlawful discriminatory practice complained of, specifically, racial discrimination.  (Compl., pp. 9-10).  In response, Plaintiff requested a review of the NYSDHR's Determination and Order by the United States Equal Opportunity

---

[2]Because Plaintiff's papers do not contain page numbers, this Court will reference the page numbers assigned to these documents by our internal case management and electronic case filing system, CM/ECF, as they appear on the official docket.

Commission ("EEOC"). (Compl., pp. 11-13). On May 7, 2004, the EEOC adopted the findings of the NYSDHR and issued a Notice of Right to Sue. (Compl., p. 14).

Plaintiff did not name the CWA in her charge of discrimination filed with the NYSDHR and there is no allegation that the CWA engaged in or was made aware of the proceedings before the NYSDHR and the EEOC. (Compl., pp. 7-8, 11-13). Moreover, neither the NYSDHR's Determination and Order nor the EEOC's Notice of Right to Sue references the CWA. (Compl., pp. 9, 14). In fact, a review of the Amended Complaint, which consists of the Complaint and the Addendum, reveals no allegations against the Union at all. The only references to the CWA appear in the caption and in a letter dated September 25, 2002, attached to the Addendum, from Kaleida's human resources representative to Plaintiff confirming Plaintiff's statement that she was contacting the CWA's Executive Vice President, John Klein, because she was dissatisfied with her union representation. (Addendum, p. 18).

7. Defendant CWA moves to dismiss the Amended Complaint for the following two reasons: (1) Plaintiff has not obtained a notice of right to sue from the EEOC and has not otherwise exhausted administrative procedures with respect to the Union; and (2) Plaintiff's claims against the Union are otherwise time-barred. This Court will address each argument in turn.

8. Under Title VII, a claimant may bring suit in federal court only if he or she has filed a timely charge with the EEOC or an authorized state agency against a party and has obtained a right to sue letter with respect to that party. See 42 U.S.C. § 2000e-5(e) and (f) (limiting aggrieved party's right to sue to "the respondent named in the charge"). To satisfy this requirement, a complainant must file a charge of discrimination with the

EEOC or other appropriate local agency within 180 days of the alleged unlawful practice or within 300 days if the charge is also covered by state or local anti-discrimination law. See 42 U.S.C. § 2000e-5(e)(1). "[T]he charge serves to notify the charged party of the alleged violation and also brings the party before the EEOC, making possible effectuation of the Act's primary goal of securing voluntary compliance with its mandates." Vital v. Interfaith Med. Ctr., 168 F.3d 615, 619 (2d Cir. 1999) (citing Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 905 (7th Cir.1981), *cert. denied,* 455 U.S. 1017, 102 S. Ct. 1710, 72 L. Ed. 2d 134 (1982)).

"Because [such discrimination] charges generally are filed by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements," the Second Circuit has recognized an "identity of interest" exception to the rule that an aggrieved party may only sue a party who has been named in a prior administrative charge. Johnson v. Palma, 931 F.2d 203, 209 (2d Cir.1991). The "identity of interest" exception "permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." Vital, 168 F.3d at 619 (citing Johnson, 931 F.2d at 209).[3]

A court must consider the following four factors to determine if an identity of interest exists: (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether,

---

[3] Plaintiff cites to Owens v. New York Hous. Auth., 934 F.2d 405 (2d Cir. 1991), in support of her argument that her Title VII claim against the Union is "reasonably related" to her claim filed with the NYSDHR against Kaleida and therefore, should not be dismissed. However, Owens relates to a plaintiff's right to assert an *unexhausted but related claim* against a party *already named in an EEOC complaint*. Owens does not stand for the proposition that a plaintiff may proceed with a Title VII claim in federal court against a party such as the Union, which was never named in a prior EEOC or other administrative charge.

5

under the circumstances, the interests of the named party are so similar to those of the unnamed party that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceeding; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. Schaefer v. Erie County Dep't of Social Servs. and CSEA Local 815, 82 F. Supp. 2d 114, 116 (W.D.N.Y. 2000) (citing Johnson, 931 F.2d at 209-10).  These factors are not to be applied mechanically, nor is any single factor determinative.  See, e.g, Manzi v. Dicarlo, 62 F. Supp. 2d 780, 787 (E.D.N.Y. 1999).

     Construing the Amended Complaint liberally, it cannot be said that there exists an identity of interest between Kaleida, the party named in the administrative charge, and the CWA, the unnamed party.  As previously noted herein, Plaintiff filed her charge of discrimination with the NYSDHR, naming Kaleida as the sole Respondent, on September 18, 2002.  According to the September 25, 2002 letter from Kaleida's human resource representative, however, Plaintiff communicated her dissatisfaction with her union representation and her plans to contact CWA's Executive Vice President, John Klein, on or about May 15, 2002.  (Addendum, p. 18).  Clearly then, Plaintiff was aware of the Union's role with respect to her claims of discrimination by the date she filed her charge with the NYSDHR.  Even drawing all reasonable inferences in Plaintiff's favor, it is clear that the Union was never notified of or permitted to engage in any proceedings before the NYSDHR or the EEOC before Plaintiff commenced suit in federal Court.  Moreover,

Plaintiff does not allege that the CWA ever represented to her that her relationship with the Union should be through Kaleida.

As several courts in the Second Circuit have held, the interests of an employer (such as Kaleida) and a union representing its employees (such as the CWA) lack the "clear identity of interests" required to justify a waiver of the Title VII filing requirement. See Cabrera v. New York City, No. 04 Civ. 2688, 2004 WL 2053224, at *6 (S.D.N.Y. Sept. 13, 2004); see also Schaefer, 82 F. Supp. 2d at 116-117 (finding no identity of interest between an employer and a defendant union, and reasoning that a union's "primary function is to represent . . . employees in negotiating the terms and conditions of their employment, and in the administration of employee grievances against the employer" and that "[i]t is an entity completely separate from and independent of [the employer], and would in no way be bound by the [employer's] voluntary conciliation in the EEOC proceeding"); Hussein v. Waldorf Astoria Hotel, Rest. & Club Employees & Bartenders Local No. 6, No. 99 Civ. 1652(DC), 2000 WL 16928, at *5 (S.D.N.Y. Jan 11, 2000) (concluding that the defendant union shared no identity of interest with the allegedly discriminating employer); Johnson v. Dist. Council of Carpenters, No. 91 Civ. 7961(LAP), 1995 WL 567426, at *2-3 (S.D.N.Y. Sept. 25, 1995) (same); Bright v. Le Moyne Coll., 306 F. Supp. 2d 244, 257 (N.D.N.Y.2004) (same). For these same reasons, this Court finds that there is no identity of interest between the CWA and Kaleida, which would excuse Plaintiff from the requirement of exhausting her administrative remedies against the CWA. Accordingly, Plaintiff will not be permitted to proceed with her Title VII claim against the Union.

9. Insofar as Plaintiff's claim against the Union can be construed as a duty of

fair representation claim under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, it must also be dismissed. "A breach of the statutory duty of fair representation occurs . . . when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190, 87 S. Ct. 903, 916, 17 L. Ed. 2d 842 (1967). When a labor union breaches its duty of fair representation, such claims are cognizable under Section 301 of the Labor Management Relations Act. See 29 U.S.C. § 185.

A six month statute of limitations applies to actions for a union's breach of its duty of fair representation. West v. Conrail, 481 U.S. 35, 37-38, 107 S. Ct. 1527, 1541, 95 L. Ed. 2d 32 (1987). In the Second Circuit, such causes of action accrue when "the plaintiff could first have successfully maintained a suit based on that cause of action." Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 163 (2d Cir. 1989) (internal citations and quotations omitted). Put another way, the six-month limitations period begins to run "when a plaintiff knows or reasonably should know that the union has breached its duty of fair representation." Flanigan v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., Truck Drivers Local No. 671, 942 F.2d 824, 827 (2d Cir. 1991). Moreover, it is well settled that a union's post-accrual breach of its duty to fairly represent a plaintiff cannot be construed as a continuing violation that tolls the statute of limitations. Id. (citing Engelhardt v. Consol. Rail Corp., 756 F.2d 1368, 1370 (2d Cir.1985); Alcorn v. Burlington N. R.R. Co., 878 F.2d 1105, 1108 (8th Cir.1989); Ratkosky v. United Transp. Union, 843 F.2d 869, 875 n.8 (6th Cir.1988)).

Based on the foregoing, this Court finds that even if Plaintiff's duty of fair representation claim was colorable, it is barred by the six month statute of limitations, as

8

none of the events referenced in her pleadings occurred within the six months preceding the date on which she filed her Complaint.  Accordingly, insofar as the Amended Complaint asserts a duty of fair representation claim against the Union, it must be dismissed.

10.	For the foregoing reasons, this Court will grant Defendant CWA's Motion to Dismiss in its entirety.  It is clear that Plaintiff failed to exhaust her administrative remedies with respect to this Defendant as required by Title VII.  Further, insofar as the Amended Complaint asserts a breach of the duty of fair representation claim against the Union, that claim is barred by the applicable statute of limitations.  Accordingly, the CWA will be terminated as a Defendant, and this action will proceed as against Defendant Kaleida only.

IT HEREBY IS ORDERED that Defendant CWA's Motion to Dismiss the Amended Complaint (Docket No. 16) is GRANTED.

FURTHER, that the CWA shall be terminated as a party to this action.

FURTHER, that this action shall proceed as against Defendant Kaleida only.

SO ORDERED.

Dated: September 5, 2005
       Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge